# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1659V
Filed: August 6, 2025

---

| | |
|---|---|
| B.B., | |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

---

*Jessi Huff*, Mctlaw, Seattle, WA, for Petitioner.
*Margaret Armstrong*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 1, 2017, B.B. ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she developed a left shoulder injury related to vaccine administration ("SIRVA") from the tetanus diphtheria acellular pertussis ("Tdap") vaccine she received on August 19, 2015. *See* Pet. at 1-2; *see also* ECF No. 111 ("Proffer") at 1. On April 19, 2024, former Special Master Katherine E. Oler issued a Ruling on Entitlement finding Petitioner was entitled to compensation. ECF No. 89.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent filed a Proffer on August 5, 2025.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 1-2.  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award Petitioner:

> A lump sum of **$63,348.86**, which amount represents pain and suffering ($62,500.00), and past unreimbursed expenses ($848.86), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Proffer at 1-2.  These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| B.B., | ) |
|       Petitioner, | ) )  No. 17-1659V |
| v. | )  Special Master Shah )  ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) |
|       Respondent. | ) ) ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 1, 2017, B.B. ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), or in the alternative suffered from a left shoulder injury that was caused by the tetanus, diphtheria, and acellular pertussis vaccination she received on August 19, 2015. Petition at 1-2. On April 19, 2024, Special Master Oler issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 89.

I.   **Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 19, 2024 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $848.86. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made as described below and requests that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $63,348.86, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

## III.    Summary of Recommended Payment Following Judgment

Amount payable to petitioner, B.B.:    **$63,348.86**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

<u>/s/ Margaret Armstrong</u>
MARGARET ARMSTRONG
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4043
E-mail:  margaret.armstrong@usdoj.gov

DATED: August 5, 2025