# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1659V**

| | | |
|---|---|---|
| B.B., | * | |
| Petitioner, | * | Special Master Shah |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Filed: September 23, 2026 |
| Respondent. | * | |

*Jessi Huff,* Mctlaw, Seattle, WA, for Petitioner.
*Margaret Armstrong,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 1, 2017, B.B. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that she developed a left shoulder injury related to vaccine administration ("SIRVA") from the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on August 19, 2015. *Id.* at 1. On August 5, 2025, Respondent filed a proffer, which I adopted in a Decision awarding compensation on August 6, 2025. ECF Nos. 111, 112. Petitioner was awarded $63,348.86 in damages. ECF No. 112.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On February 2, 2026, Petitioner filed an application for final attorneys' fees and costs. ECF No. 117 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $113,982.57, consisting of $97,685.50 in attorneys' fees[3] and $16,297.07 in attorneys' costs. *Id.* at 1-2. Additionally, Petitioner filed a signed statement representing that she incurred $24.70 in out-of-pocket costs related to the prosecution of this case. *See* Ex. 69. Respondent responded to the application for fees and costs on February 17, 2026, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 118 ("Fees Resp.") at 2-5. Petitioner filed a reply on February 19, 2026. ECF No. 119 ("Fees Reply").

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs. *See id.*

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her counsel: for Ms. Jessi Huff: $460.00 per hour for work performed in 2024, $498.00 per hour for work performed in 2025, and $545.00 per hour for work performed in 2026; for Ms. Danielle Strait: $307.00 per hour for work performed in 2017, $322.00 per hour for work performed in 2018, $340.00 per hour for work performed in 2019, $370.00 per hour for work performed in 2020, $395.00 per hour for work

[3] Petitioner erroneously requested $97,686.50 in attorneys' fees in her motion. Fees App. at 1.

performed in 2021, $415.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $480.00 per hour for work performed in 2024; for Mr. Altom Maglio: $362.00 per hour for work performed in 2017, and $445.00 per hour for work performed in 2021; and for Ms. Elizabeth Abramson: $250.00 per hour for work performed in 2022. *See generally* Fees App., Ex. 67. Petitioner also seeks compensation for paralegals and support staff, seeking rates ranging from $145.00-$225.00 per hour for work performed from 2017-2026. *Id.* These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g., Streech v. Sec'y of Health & Hum. Servs.,* No. 24-1888V, 2026 WL 1533654, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2026); *Angerosa v. Sec'y of Health & Hum. Servs.,* No. 22-1022V, 2026 WL 937790, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2026); *Musto v. Sec'y of Health & Hum. Servs.*, No. 22-833V, 2025 WL 2925104, at *1 (Fed. Cl. Spec. Mstr. Sept. 17, 2025); *Palmore v. Sec'y of Health & Hum. Servs.*, No. 22-536V, 2024 WL 3913715 (Fed. Cl. Spec. Mstr. July 8, 2024); *Murray v. Sec'y of Health & Hum. Servs.*, No. 22-1099V, 2024 WL 1283484, at *1 (Fed. Cl. Spec. Mstr. Feb. 20, 2024); *Elliott v. Sec'y of Health & Hum. Servs.,* No. 21-512V, 2024 WL 2272271, at *1 (Fed. Cl. Spec. Mstr. Apr. 19, 2024); *Dore v. Sec'y of Health & Hum. Servs.*, No. 17-2012V, 2020 WL 1866842 (Fed. Cl. Spec. Mstr. Mar. 10, 2020); *Fly v. Sec'y of Health & Hum. Servs.*, No. 17-1200V, 2019 WL 2635908 (Fed. Cl. Spec. Mstr. May 21, 2019).

**B. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The majority of hours spent on this matter appear to be reasonable. However, there were multiple entries in the submitted billing records seeking payment for clerical or administrative work. These entries totaled 3.10 hours. Examples include (but are not limited to):

- October 24, 2017: 0.30 hours billed at $145.00 by paralegal to "Review and organize medical records from Woodland Wellness Center. Update case notes accordingly. Review and prepare exhibits."

- November 21, 2018: 0.10 hours billed at $148.00 by paralegal to "Review docket to ensure accurate and current deadlines, save note to file regarding same."

- July 13, 2020: 0.20 hours billed at $160.00 by paralegal to "Update client contact information."

- March 1, 2021: 0.20 hours billed at $165.00 by paralegal to "Review and finalize exhibits 34-35. Review confirmation of same and update file."

*See* Fees App., Ex. 67 at 6, 14, 20, 23-26, 33-34. These clerical and administrative tasks reflect a combined total of $742.30 in administrative fees that are not compensable. The fees will be reduced to account for this issue.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$96,943.20**.[4]

**C. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $16,297.07 in attorneys' costs and $24.70 in petitioner's out-of-pocket expenses. Fees App., Ex. 68. This amount comprises costs associated with acquiring medical records, the Court's filing fee, postage, translation of medical records, and expert services provided by Kevin Pelletier, M.D., totaling $1,230.00, and by Marko Bodor, M.D., totaling $7,725.00. Dr. Bodor's hourly rate is reasonable and consistent with prior determinations. *See, e.g.*, *Sholdebrand v. Sec'y of Health & Hum. Servs.*, No. 18-1368V, 2026 WL 1005221, at *3 (Fed. Cl. Spec. Mstr. Feb. 25, 2026).

Petitioner requests compensation for Dr. Pelletier for 4.1 hours of work performed at an hourly rate of $300.00, for a total of $1,230.00. Fees App., Ex. 68 at 31. Dr. Pelletier was previously awarded an hourly rate of $250.00. *See Stolec v. Sec'y of Health & Hum. Servs.*, No. 19-195V, 2023 WL 7222624, at *2 (Fed. Cl. Spec. Mstr. Sept. 13, 2023). While Petitioner has not provided a reason why an increase in Dr. Pelletier's hourly is warranted, I do not find it to be unreasonable and will grant Dr. Pelletier's costs in full.[5]

Petitioner has provided adequate documentation supporting the remaining costs, and Respondent has not identified any specific costs as objectionable. Thus, I find these costs to be reasonable and award them in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable in part. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $97,685.50 |
| (Reduction to Fees) | ($742.30) |
| **Total Attorney's Fees Awarded** | **$96,943.20** |
| | |
| Attorneys' Costs Requested | $16,297.07 |
| (Reduction to Costs) | - |

[4] $97,685.50 - $742.30 = $96,943.20

[5] I do not expressly approve of Dr. Pelletier's hourly rate but I find the overall amount billed to be reasonable.

| | |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | **$113,240.27** |
| | |
| **Petitioner's out-of-pocket costs** | **$24.70** |
| (Reduction to out-of-pocket costs) | - |

Accordingly, Petitioner is awarded fees and costs as follows:

1. A lump sum of $113,240.27 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

2. A lump sum of $24.70 representing reimbursement for Petitioner's out-of-pocket costs, to be through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).